```
___ FILED      ___ ENTERED
___ LODGED     ___ RECEIVED
```

DEC 18 2014

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                              DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AARON KNAPP,<br><br>Defendant. | CASE NO. CR14-347 TSZ<br><br>DETENTION ORDER |

<u>Offenses charged</u>:

Ten-count Indictment.

Four counts charge felon in possession of a firearm.

Two counts charge possession of methamphetamine with intent to distribute.

Two counts charge possession of heroin with intent to distribute.

Two counts charge possession of firearms in furtherance of a drug crime.

<u>Date of Detention Hearing</u>:   December 18, 2014

The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth,

DETENTION ORDER
PAGE -1

finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of defendant as required and the safety of other persons and the community.

## FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) The nature of the charges gives rise to a rebuttable presumption that defendant will be detained. Defendant has presented nothing which successfully rebuts that presumption.

(2) He has a lengthy criminal record, involving convictions for many serious felonies. Law enforcement alleges defendant is a very substantial drug dealer in the Everett area, selling various drugs from his garage.

(3) The allegation that defendant committed drug and firearms offenses while on state court bond in Everett raises serious questions as to whether he would be a good risk if released on pretrial bond in this case.

(5) Defendant has a long history of substance abuse. He admitted using methamphetamine and heroin on the day he was arrested in this case.

(6) Defendant is facing a sentence of 360 months to life, if convicted in this case. This would provide a substantial incentive for him to flee, if released.

(7) Defendant proposes that he be released to a 60-day in-patient program, then to an outreach program, and participate in mental health treatment. He also proposes location monitoring, and a requirement that he be employed. But

DETENTION ORDER
PAGE -2

these conditions would not provide reasonable assurance of the safety of other persons and the community, or of defendant's appearance for further court hearings. The court concurs in the recommendation of the Pretrial Services Office that defendant be detained.

It is therefore ORDERED:

1. Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. Defendant shall be afforded reasonable opportunity for private consultation with counsel;

3. On order of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

4. The Clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United State Pretrial Services Officer.

DATED this 18 day of December, 2014.

John L. Weinberg
United States Magistrate Judge